UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                               CRIMINAL NO. 00-80814

v.                                             JUDGE PAUL D. BORMAN
                                                   UNITED STATES DISTRICT JUDGE

TERRENCE TERRELL MOORE,

      Defendant,
_____/

**ORDER DISMISSING DEFENDANT'S MOTION FOR REVOCATION
MODIFICATION HEARING PURSUANT TO LOCAL CRIMINAL RULE 32.1**

On October 23, 2000, this Court sentenced Defendant Moore to a term of imprisonment of 51 months and a two year period of supervised release after a conviction for being a felon in possession of a firearm. While on supervised release Defendant was convicted in a Michigan state court for homicide in the first degree, felony firearm (three counts), felon in possession of a firearm and larceny in a building. The state trial judge sentenced Defendant Moore to life imprisonment without the possibility of parole for the murder, six to forty years for being a felon in possession of a firearm, three to fifteen years for the larceny conviction, and two years for each felon firearm conviction.

This Court issued a warrant for Defendant's violation of supervised release in connection with the state conviction, and further ordered the U.S. Marshal to maintain detainer until custodial sentence has been satisfied.

Defendant seeks a "Revocation Modification Hearing Pursuant to Local Rule 32.1.1."

There is no Local Rule 32.1.1; there is a Federal Rule of Criminal Procedure 32.1 which

1

requires a hearing when an individual is in custody for violating the terms of his supervised release. Rule 32.1(a)(1). Because Defendant is not in custody for violating his terms of supervised release, he is not entitled to a Rule 32.1 hearing. *United States v. Fernandez*, 139 F.3d 913, 1998 WL 58158 at *1 (10th Cir. Feb. 11, 1998); *United States v. Pardue* 363 F.3d 695, 697-98 (8th Cir. 2004); *United States v. Sackinger*, 704 F.2d 29, 30 (2d Cir. 1983).

Defendant also cites Article III of the Interstate Agreement of Detainers (IADA). That provision does not apply; it applies only when a detainer is lodged by another state. *Carchman v. Nash*, 473 U.S. 716 (1985).

Further, Defendant is not subject to an indictment, information or complaint in this case. Accordingly, Defendant's Motion for a hearing is DENIED.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 13, 2009.

s/Denise Goodine  
Case Manager

2